UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

WOODSIDE GROUP, LLC, et al.,

            Debtors.

OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the Estate of Woodside Group, LLC, et al.,

            Plaintiff,

v.

EZRA K. NILSON, et al.,

            Defendants.

Case No. 6:08-bk-20682-PC

Jointly Administered

Chapter 11

Adversary No. 6:09-ap-01453-PC

**MEMORANDUM DECISION RE: JP MORGAN CHASE BANK, N.A.'S UNOPPOSED LIMITED MOTION TO INTERVENE**

Date: October 5, 2009
Time: 10:30 a.m.
Place: United States Bankruptcy Court
Courtroom # 304
3420 Twelfth Street
Riverside, CA 92501

Before the court is the motion of JP Morgan Chase Bank, N.A. ("JP Morgan") for intervention of right in the above referenced adversary proceeding or, alternatively, for permissive intervention. Plaintiff, Official Committee of Unsecured Creditors, on behalf of the Estate of Woodside Group, LLC, et al. (the "Committee") "does not oppose the motion at this time, but takes no further position regarding [JP Morgan's] status."[1] Defendant, Ezra K. Nilson ("Nilson") and certain other Defendants (collectively, "Nilson Defendants") oppose the motion. At the hearing, Richard S. Krumholz appeared for JP Morgan, Tony Castanares appeared for Nilson and the Nilson Defendants, and Donald L. Gaffney and Don Bivens appeared for the Committee. Other appearances were entered on the record. The court, having considered JP Morgan's motion and the opposition thereto, the evidentiary record, and arguments of counsel,

---

[1] Committee's Statement of Position as to Nilson Defendants' Opposition to JP Morgan's Intervention Motion; Cross-Motion to Vacate *Ex Parte* Order Shortening Time for Preliminary Injunction Hearing; and Request for Early Status Conference, p.2, l.17-18.

makes the following findings of fact and conclusions of law[2] pursuant to Fed. R. Civ. P. 52(a)(1), as incorporated into Fed. R. Bankr. P. 7052 and applied to contested matters by Fed. R. Bankr. P. 9014(c).

## I. STATEMENT OF FACTS

A. The District Court Case.

On September 9, 2009, Nilson and others sued JP Morgan, as Administrative Agent for certain lenders, in a Utah state court seeking a declaratory judgment that they had no liability to JP Morgan under a Continuing Subordination and Standstill Agreement ("Subordination Agreement") between the parties.[3] On September 17, 2009, JP Morgan removed the action to the United States District Court for the District of Utah.[4] On September 23, 2009, JP Morgan filed an answer to the complaint, together with a counterclaim for damages for alleged breach of the Subordination Agreement, conversion, negligent misrepresentation, and unjust enrichment. JP Morgan also sought a preliminary injunction from the district court, seeking to impound certain tax refunds either received or to be received by Nilson and others pending an adjudication of the parties respective causes of action. By *ex parte* application, JP Morgan requested authority from the district court to conduct discovery on an expedited basis with the hope of obtaining an October 12th hearing on the preliminary injunction. At a hearing on September 25, 2009, the district court denied the request and set an evidentiary hearing on JP Morgan's preliminary injunction motion for either October 26-28, 2009, or November 10-11, 2009, subject to the court's availability. Discovery is pending in the district court case.

---

[2] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

[3] Civil Cause No. 090700622, styled Nilson, et al. v. JP Morgan Chase, N.A., et al., in the Second Judicial District Court, Davis County, Utah.

[4] Case No. 1:09CV0121, styled Nilson, et al. v. JP Morgan Chase, N.A., et al., in the United States District Court, District of Utah.

-2-

B. The Adversary Proceeding.

On September 17, 2009, the Committee filed a complaint against Nilson and the Nilson Defendants seeking to avoid certain alleged fraudulent and/or preferential transfers to the shareholders of Woodside Group, Inc. and Woodside Group, LLC (collectively, "Woodside Group") and Pleasant Hill Investments, LC ("Pleasant Hill"); to recover damages from the shareholders of Woodside Group and Pleasant Hill for alleged unjust enrichment; and to recover damages from Nilson, Wayne R. Farnsworth ("Farnsworth"), Leonard K. Arave ("Arave"), and Scott Nelson ("Nelson") for alleged unlawful distributions and breach of fiduciary duties as directors or managers of Woodside Group and/or Pleasant Hill.[5] On September 24, 2009, the Committee filed a motion requesting that Nilson and the Nilson Defendants show cause why a preliminary injunction should not issue in the adversary proceeding pending a final adjudication of the claims set forth in the Committee's complaint. The Committee also seeks to impound certain tax refunds either received or to be received by Nilson and the Nilson Defendants pending a judgment in this adversary proceeding. At the Committee's request, the motion was set on shortened time for a hearing on October 5, 2009. The following afternoon, the Committee filed an *ex parte* application seeking authority to conduct discovery on an expedited basis prior to the hearing, together with notices regarding the depositions of Nilson, Farnsworth, Arave, Schmitt, Griffiths, Smith & Co., and Woodside Group. Nilson and the Nilson Defendants promptly filed written opposition to the *ex parte* request. An order denying the Committee's *ex parte* application was entered on September 29, 2009.

---

[5] The Committee states in its complaint that it is authorized to prosecute causes of action of the Debtors' estates by virtue of the Order Approving Stipulation Resolving Potential Objections to (A) the Motion of the Debtors Seeking Approval of Certain Solicitation Procedures and (B) the Motion of the Official Committee of Unsecured Creditors Seeking to Expand the Scope of Powers of the Chapter 11 Examiner entered on February 13, 2009, and the Stipulation Resolving Potential Objections to (A) the Motion of the Debtors Seeking Approval of Certain Solicitation Procedures and (B) the Motion of the Official Committee of Unsecured Creditors Seeking to Expand the Scope of Powers of the Chapter 11 Examiner attached thereto.

- 3 -

C. JP Morgan's Motion to Intervene.

On September 25, 2009, JP Morgan filed a document entitled "JP Morgan Chase Bank, N.A.'s Unopposed Limited Motion to Intervene and Supporting Memorandum of Points and Authorities" ("Motion"), together with a document entitled "JP Morgan's Pleading in Intervention Pursuant to Rule 24(c) of the Federal Rules of Civil Procedure" ("Pleading").

On September 28, 2009, Nilson and the Nilson Defendants filed a response in opposition to JP Morgan's "unopposed" Motion, arguing that JP Morgan's Motion is defective both procedurally and substantively. Nilson and the Nilson Defendants assert that JP Morgan's motion is defective procedurally because it does not comply wih Rule 24(c)'s requirement that an intervention motion be accompanied by a pleading, arguing that JP Morgan's Pleading does not "fit any of the categories" of Rule 7(a). The motion is defective substantively, according to Nilson and the Nilson Defendants, because it does not seek to make JP Morgan a party to the adversary proceeding either as a plaintiff or defendant and is made for an improper purpose.

After a hearing on October 5, 2009, the matter was taken under submission.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

Rule 24 of the Federal Rules of Civil Procedure, as incorporated into Rule 7024 of the Federal Rules of Bankruptcy Procedure, states, in pertinent part:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> 
> (1) is given an unconditional right to intervene by federal statute: or
> 
> (2) claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> 
> (b) Permissive Intervention.
> 
> (1) In General. On timely motion, the court may permit anyone to intervene who:

-4-

     (A) is given a conditional right to intervene by a federal statute; or

     (B) has a claim or defense that shares with the main action a common question of law or fact. . . .

 (c) <u>Notice and Pleading Required</u>. A motion to intervene must be served on the parties as provided by Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed.R.Civ.P. 24. The purpose of Rule 24 is "to prevent a multiplicity of suits where common questions of law or fact are involved." <u>Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 922 F.2d 92, 97 (2d Cir. 1990) (citing <u>Reich v. Webb</u>, 336 F.2d 153, 160 (9th Cir. 1964), *cert. denied*, 380 U.S. 915 (1965)); *see* <u>Deus v. Allstate Ins. Co.</u>, 15 F.3d 506, 525 (5th Cir. 1994), *cert. denied*, 513 U.S. 1014 (1994). "[T]he rule is not intended to allow for the creation of whole new suits by intervenors" nor can the rule "be used as a means to interject collateral issues into an existing action." <u>Wash. Elec.</u>, 922 F.2d at 97; *see* <u>N.Y. News, Inc. v. Kheel</u>, 972 F.2d 482, 486 (2d Cir. 1992) (holding that "Rule 11 sanctions are an inappropriate interest in support of intervention as of right").

A. <u>Intervention of Right</u>.

 Rule 24(a) permits a non-party to intervene in existing litigation as of right upon a showing that: "(1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." <u>Donnelly v. Glickman</u>, 159 F.3d 405, 409 (9th Cir. 1998). Intervention of right requires a direct, substantial, and legally protectable interest in the transaction that is the subject of the proceedings. <u>Portland Audubon Soc'y v. Hodel</u>, 866 F.2d 302, 309 (9th Cir. 1989); <u>Or. Envtl. Council v. Or. Dept. of Envtl. Quality</u>, 775 F.Supp. 353, 358 (D. Or. 1991). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." <u>Wash. Elec.</u>, 922 F.2d at 97; *see* <u>Rigco, Inc. v.</u>

Rauschner Pierce Refsnes, Inc., 110 F.R.D. 180, 184 (N.D. Tex. 1986) (stating that "a purely economic interest is insufficient to justify intervention").

JP Morgan does not allege that it has an unconditional right to intervene by federal statute. Nor has it established that its interest is either direct or substantial. JP Morgan seeks "to intervene for the sole purpose of joining in the Committee's Preliminary Injunction Application in order to protect certain discreet interests that are the subject of" the district court action in Utah.[6] In its Pleading, JP Morgan discusses the merits of its counterclaim pending in the district court, but does not state any claims against Nilson or the Nilson Defendants to be adjudicated by this court. Indeed, JP Morgan admits in its Pleading that it has no intention of pursuing in the adversary proceeding any of the claims for which it has sought relief in the district court in Utah. JP Morgan further admits that it "has only intervened in this Adversary Proceeding to join . . . in the Committee's Preliminary Injunction Request,"[7] fearing that "there will be insufficient funds to satisfy either or both judgments entered" against Nilson and the Nilson Defendants.[8] In other words, JP Morgan is concerned that if the Committee is successful in its efforts to impound certain tax refunds either received or to be received by Nilson and the Nilson Defendants and to proceed to judgment, JP Morgan may be hindered in its ability to collect upon any judgment ultimately entered against Nilson and others in the district court action in Utah.

While a decision in this case might affect JP Morgan, the disposition of the adversary proceeding will not, as a practical matter, impair or impede JP Morgan's ability to pursue its claims pending before the district court nor its ability to protect its interest, if any, in the tax refunds. JP Morgan has already sought a preliminary injunction from the district court to preserve the status quo while the district court adjudicates the merits of JP Morgan's claims. JP

---

[6] Motion, p.1, l.10-13.

[7] Pleading, p.6, l.1-2.

[8] Id. p.5, l.14-15.

1  Morgan's request for injunctive relief is currently pending before the district court. "Intervention
2  generally is not appropriate where the applicant can protect its interests and/or recover on its
3  claim through some other means." Deus, 15 F.3d at 525.
4  B. Permissive Intervention.
5      Rule 24(b) permits intervention at the discretion of the court if the movant establishes
6  that (1) it shares a common question of law or fact with the main action; (2) its motion is timely;
7  and (3) the court has an independent basis for jurisdiction over the applicant's claims. Donnelly,
8  159 F.3d at 412; Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). The
9  court has discretion to deny permissive intervention, even if the movant satisfies the threshold
10  requirements. Donnelly, 159 F.3d at 412. "In determining whether common questions of law or
11  fact exist, a court will look to whether the intervenor would contribute to a full development of
12  the underlying issues in the suit." Or. Envtl. Council, 775 F.Supp. at 359.
13      JP Morgan has not alleged that it has a conditional right to intervene by federal statute.
14  Given the fact that JP Morgan has chosen to litigate the merits of its claims before the district
15  court in Utah, including its motion for a preliminary injunction, the court finds that permitting JP
16  Morgan to intervene in this adversary proceeding would "unduly delay or prejudice" the
17  adjudication of the rights of the original parties. Intervention by JP Morgan would not contribute
18  to a full development of the underlying issues in this adversary proceeding. The potential delay
19  and the complication engendered by such an intervention justify denial of the motion.
20  C. Rule 24(c).
21      "Ordinarily, a person desiring to intervene seeks to join a pending action either as a
22  plaintiff or as defendant." Kamerman v. Steinberg, 681 F.Supp. 206, 211 (S.D.N.Y. 1988). The
23  intervenor presents a "claim or defense" related to the existing litigation, which the intervenor
24  seeks to pursue in the existing litigation, rather than through a separate lawsuit, by aligning as
25  plaintiff or defendant. Fed.R.Civ.P. 24(c). Lexington Ins. Co. v. Caleco, Inc., 2003 WL
26  21652163 (E.D. Pa. 2003). In this case, JP Morgan does not wish to pursue its claims in this
27

court. To the extent that it seeks to join the Committee's request for a preliminary injunction, JP Morgan has already sought that relief from district court in Utah. Moreover, JP Morgan's Pleading does not appear to satisfy the procedural requirements of Rule 24(c). JP Morgan's Pleading is not a complaint nor does it fit neatly within the scope of any other pleading identified by Rule 7(a).[9] It incorporates facts from the Committee's complaint, but does not present any claims that JP Morgan wants this court to adjudicate nor does it seek to align JP Morgan either as a plaintiff or as a defendant in the adversary proceeding. A failure to comply with Rule 24(c) is grounds, of and by itself, to deny a motion to intervene. *See* Hill v. Kan. Gas Serv. Co., 203 F.R.D. 631, 634 (D. Kan. 2001); School Dist. of Phila. v. Penn. Milk Mktg.Bd., 160 F.R.D. 66, 67 (E.D. Penn. 1995). "If the would-be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention . . . must be denied." 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure: Civil 3d § 1911, at 453 (2007).

## CONCLUSION

JP Morgan does not seek to join this adversary proceeding either as a plaintiff or defendant. It has failed by proper pleading to present a claim or defense related to the existing litigation for which relief is sought, and has failed to establish a basis for either intervention of right or permissive intervention. Accordingly, JP Morgan's Motion will be denied.

A separate order will be entered consistent with this memorandum.

DATED: October 8, 2009

PETER H. CARROLL
United States Bankruptcy Judge

---

[9] Rule 7(a) limits pleadings to (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. F.R.Civ.P. 7(a).

-8-

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) MEMORANDUM DECISION RE: JP MORGAN CHASE BANK, N.A.'S UNOPPOSED LIMITED MOTION TO INTERVENE was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **October 8, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Donald L Gaffney    dgaffney@swlaw.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Andrea M Valdez    avaldez@fulbright.com
- George C Webster    gwebster@stutman.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Mark W Deveno
Bingham McCutchen LLP
One State St
Hartford, CT 06103-3178

Don Bivens
Snell & Wilmer L..
One Arizona Center, 400 E VanBuren
Phoenix, AZ 85004-2202

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9021-1.1**